UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| TAMMY SCHRAM,<br><br>    Plaintiff,<br>v.<br><br>RES-CARE, INC.,<br><br>    Defendant. | Civil Action No.: 0:17-cv-00740-MGL<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff, Tammy Schram ("Plaintiff"), files this Complaint against Defendant, Res-Care, Inc. ("Defendant"), and states as follows:

**Parties**

1. At all times material hereto, Plaintiff was, and continues to be, a resident of York County, South Carolina.

2. At all times material hereto, Defendant was, and continues to be a Kentucky corporation. Upon information and belief, Defendant operates in at least forty-two states, providing home care and residential care to infirmed senior citizens and disabled individuals. At all times material hereto, Defendant was, and continues to be, engaged in business in South Carolina, with a place of business in York County, South Carolina.

**Jurisdiction and Venue**

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff has made claims under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover overtime wages, unpaid back wages, an additional and equal amount in liquidated damages, attorneys' fees and costs.

1

4. Venue is proper in this District and Division under 28 U.S.C. § 1391(b) and Local Rule 3.01 because this District and Division is where a substantial part of the events or omissions giving rise to the claim occurred and where the Defendant does business relating to said events or omissions.

**Factual Allegations**

5. In approximately January 2015, Defendant hired Plaintiff to work as a non-exempt, hourly-paid LPN. A true and accurate copy of the job description for a Defendant-employed LPN that Plaintiff signed upon beginning work is attached hereto as **Exhibit A**.

6. The job description specifies that Plaintiff is a "non-exempt" employee under the FLSA.

7. Plaintiff was paid $700 per week ($17.50/hour) for all hours worked in a 40 hour work week.

8. Plaintiff's job title was "LPN Supervisor"; however Plaintiff did not provide supervisory duties and did not direct the work of two or more employees.

9. Plaintiff's job duties were limited to primarily healthcare services to Defendant's patients under the direction of Plaintiff's Supervisor Kathy Williams, a registered nurse ("RN"). Ms. Williams approved all of Plaintiff's work thereby eliminating any independent discretion and authority or supervision of employees by Plaintiff.

10. Defendant requested that Plaintiff provide "after hours" healthcare to an in-home patient, and informed Plaintiff that she would be compensated at her hourly equivalent rate of pay multiplied by 1.5.

2

11. In providing this "after hours" healthcare, from January 9, 2015 until her termination on October 20, 2015, Plaintiff worked for Defendant in excess of forty (40) hours within a work week, in the total amount of 361.83 hours.

12. From January 9, 2015, and continuing through October 20, 2015, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week, resulting in Plaintiff not receiving any overtime pay for 361.83 hours.

13. Specifically, Defendant failed to include in Plaintiff's compensable time, and thus, calculation of overtime wages, the amount of time Plaintiff cared for a patient after her established schedule of work.

14. Defendant knew that Plaintiff was a non-exempt employee as that term is defined by law, but failed to pay Plaintiff any overtime pay.

15. Plaintiff repeatedly complained to Ms. Williams that she should be paid all overtime. However, Ms. Williams failed to take any action, and Defendant failed to pay Plaintiff any overtime pay.

16. Plaintiff repeatedly complained to another one of her supervisors, Defendant's York County, South Carolina Branch Manager Tocarra Heatley that she should be paid all overtime. However, Ms. Heatley failed to take any action, and Defendant failed to pay Plaintiff any overtime pay.

17. Plaintiff repeatedly complained to Defendant's Executive Director, Shawn Keith that she should be paid all overtime. However, Mr. Keith failed to take any action, and Defendant failed to pay Plaintiff any overtime pay.

18. Mr. Keith only responded to Plaintiff by stating that paying Plaintiff overtime pay would "cause issues" and that instead of overtime pay he could offer to provide Plaintiff "comp time."

19. As a non-government entity, Defendant is not legally allowed to provide its employees "comp time" in lieu of overtime pay.

20. Plaintiff responded to Mr. Keith that "comp time" would not pay her bills and that Defendant must pay Plaintiff for all overtime pay at a rate of one and half times her hourly rate of pay, which is $26.25.

21. Plaintiff worked 361.83 overtime hours at a rate of $26.25, for a total amount of overtime of $9,498.04. Therefore, Plaintiff is owed no less than $9,498.04 in overtime pay.

22. On or about October 17, Plaintiff did not report to work because she was not being paid for hours worked.

23. In retaliation of Plaintiff's complaints that she was not getting paid overtime, Defendant terminated Plaintiff's employment three (3) days later on October 20, 2017.

### First Claim for Relief
**(Recovery of Overtime Wages Under the FLSA)**

24. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

25. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

26. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, working as an "LPN".

27. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the

FLSA. Specifically, between January 9 and October 20, 2015, Defendant had employees engaged in commerce and that were handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce. Further, upon information and belief, the annual gross volume of sales or business done by Defendant exceeded $500,000 during the relevant time period. Additionally, Defendant is engaged in the operation of multiple institutions primarily engaged in the care of the aged and mentally ill who reside on the premises of said institutions.

28. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

29. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

30. Defendant has violated 29 U.S.C. § 207 in that:

   a. Plaintiff worked as an employee for Defendant in excess of forty (40) hours per week from January 9, 2015 until Defendant terminated her employment on October 20, 2015; and

   b. No payments, and provisions for payment, have been made by Defendant to properly and fully compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for the hours worked in excess of forty (40) hours per work week.

31. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful and intended, as evidenced by Defendant's failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay

for her hours worked in excess of forty (40) hours per week when Defendant knew that Plaintiff was a non-exempt employee and that such overtime pay was due.

32. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered damages and lost compensation for time worked over forty (40) hours per week.

33. Pursuant to 29 U.S.C. § 216, Plaintiff is entitled to the amount of her unpaid overtime compensation, an additional amount of liquidated damages equal to the amount of such unpaid overtime compensation, and an award of reasonable attorneys' fees and costs.

**Second Claim for Relief**
**(Violation of the South Carolina Wage Payment Act, S.C. Code § 41-10-10, *et seq.*)**

34. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

35. Defendant failed to pay wages owed to Plaintiff for all hours worked, despite Defendant's knowledge and admission that Plaintiff was owed overtime compensation at one and half times her hourly rate of pay.

36. Defendant failed to pay such wages when due during her employment and failed to pay Plaintiff those wages on the next regularly scheduled pay day following her termination.

37. As a result of Defendant's violations of the South Carolina Wage Payment Act, Plaintiff is entitled to an award of three (3) times the amount of owed compensation, plus reasonable attorney fees and costs.

**Third Claim for Relief**
**(Wrongful Discharge Under the FLSA)**

38. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

39. As alleged herein, between January 9 and October 20, 2015, Plaintiff repeatedly complained to her supervisors with Defendant regarding the non-payment of her overtime pay.

40. On October 20, 2017, Defendant terminated Plaintiff's employment in retaliation of Plaintiff's complaints for overtime pay.

41. As a result of Defendant's unlawful retaliation, Plaintiff's entitled to payment of wages lost and an additional equal amount as liquidated damages.

## **Prayer for Relief**

WHEREFORE, Plaintiff, Tammy Schram, prays the Court for the following relief:

1. That this matter be tried before a jury on all issues so triable;

2. That the Court render judgment against Defendant on Plaintiff's claim for recovery of overtime wages and award Plaintiff damages in the amount of $9,498.04, plus a liquidated damage amount of $9,498.04, and reasonable attorneys' fees and interest.

3. That the Court render judgment against Defendant on Plaintiff's claim under the South Carolina Wage Payment Act and award Plaintiff damages for three times the amount of her unpaid wages, $28,494.12, plus reasonable attorneys' fees and interest;

4. That the Court render judgment against Defendant on Plaintiff's claim for wrongful discharge under the FLSA and award Plaintiff damages for wages lost, plus an additional equal amount as liquidated damages, and reasonable attorneys' fees and interest;

5. That Defendants be required to pay all costs incurred by Plaintiff in this action, including pre-judgment and post-judgment interest and reasonable attorneys' fees;

6. For such other and further relief as the Court deems just and reasonable.

Respectfully submitted this 17th day of March, 2017.

                                GRAY, LAYTON, KERSH, SOLOMON
                                FURR & SMITH, P.A.

By:    /s/ Marshall P. Walker
        Marshall P. Walker
        S.C. Fed. Ct. ID No. 12382
        Christopher M. Whelchel
        516 S. New Hope Road
        Post Office Box 2636
        Gastonia, North Carolina 28053-2636
        Telephone: (704) 865-4400
        Facsimile: (704) 864-8010
        mwalker@gastonlegal.com
        cwhelchel@gastonlegal.com

*Attorneys for Plaintiff*